IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANSOUR NAZEER FASSIHI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4414-L** |
| | § | |
| JP MORGAN CHASE BANK, NA, and | § | |
| JOHN P. LEWIS, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendants' Motion for Summary Judgment (Doc. 11), filed August 16,

2013.  After careful consideration of the motion, response, reply, record, and applicable law, the

court **grants** Defendants' Motion for Summary Judgment.

**I.      Factual and Procedural Background**

Mansour Nazeer Fassihi ("Fassihi" or "Plaintiff") filed Plaintiff's Original Petition in the

68th Judicial District Court of Dallas County, Texas, on March 14, 2012, against Chase Home

Finance, LLC,[1] and John P. Lewis (collectively, "Defendants") for common law fraud and violation

of the Texas Deceptive Trade Practices - Consumer Protection Act.  This case was removed by

Defendants on November 2, 2012, on the grounds that diversity of citizenship exists between the

parties and that the amount of controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff

seeks: (1) a declaratory judgment that the Promissory Note ("Note") he entered is voidable; (2)

---

[1] JPMorgan Chase Bank, N.A., is the successor by merger to Chase Home Finance, LLC.

**Memorandum Opinion and Order - Page 1**

general and exemplary damages; (3) forfeiture from Defendants of all principal and interest on the Note; and (4) all costs, prejudgment and postjudgment interest, and attorney's fees.

Plaintiff contends that he sought a home equity loan with a fixed interest rate in 2006.[2]  He contends that Defendants, through their representative John P. Lewis ("Lewis"), offered him a loan of $260,000, and that Lewis told him that the underwriter required a higher interest rate for the first three months.  Therefore, Plaintiff maintains that he was told that the loan would be at a 6.75% rate for the first three months (a payment of $1,976 each month) and then a 5.65% rate for the remaining 237 months (a payment of $1,796 each month).  Plaintiff contends that the parties executed the Note and security instrument with provisions that required him to make three monthly payments for principal and interest of $1,976 and then 237 payments of $1,796.

Plaintiff contends that he was actually charged with a different value each month, and that he would ultimately end up paying $49,000 more than he was told.  Plaintiff contends that the Note is voidable because Defendants made false promises, false representations of material fact, and concealed material facts to induce him to enter a transaction that he would have not otherwise entered.  Plaintiff contends that Defendants offered to make a fixed rate loan without discussing the interest rate and then changing the terms at the last minute to an adjustable rate. Plaintiff contends that Defendants' false promises and material misrepresentations induced him to apply for the home equity loan and make commitments in reliance on the loan.   Finally, Plaintiff contends that Defendants created circumstances that put him under economic duress.

 Defendants contend that the terms of the agreement between the parties were clearly set out in the Note and the Deed of Trust (collectively "Loan Documents").  Defendants assert that the Note

---

[2] Plaintiff owns the home located at 14040 Hillcrest, Dallas, Texas 75240.

contained clear and unambiguous language.   Defendants argue that while Plaintiff relies on representations allegedly made by Defendants' employees, evidence of oral representations does not overcome the clear and unambiguous language of the loan documents.

Defendants now move for summary judgment on Plaintiff's declaratory judgment, common law fraud, and Texas Deceptive Trade Practices - Consumer Protection Act claims, contending that no genuine dispute of material fact exists regarding any of Plaintiff's claims and that they are entitled to judgment as a matter of law.   Fassihi disagrees and contends that the evidence creates genuine disputes of material fact and that Defendants' summary judgment motion should be denied.

## II.    Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).   A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).   Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.   *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary

judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the

existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.    Undisputed Facts

The following material facts are undisputed:

1)      Plaintiff owns the home located at 14040 Hillcrest, Dallas, TX 75240.

2)      Plaintiff and Defendants executed a Promissory Note for the total amount of $260,000.00 on December 6, 2006.

3)      The Note is secured by the Homestead Lien Contract and Deed of Trust ("Deed of Trust") dated December 6, 2006.

### IV.    Analysis

#### A.    Common Law Fraud Claim

In Texas, the elements of common law fraud are: "(1) a material misrepresentation; (2) that was false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by another party[;] and (6) causing injury." *Flaherty & Crumrien Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009). The material misrepresentation element "can be met if the defendant concealed or failed to disclose a material fact when a duty to disclose existed." *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 567 (5th Cir. 2005).

Plaintiff contends that he initially sought a home equity loan with a fixed interest rate. He contends that he was offered a loan in the total amount of $260,000. He contends that he was told that the loan would be at 6.75% for the first three months ($1,976 each month) and then 5.65% for the remaining 237 months ($1,796 each month). He also contends that the Note and security

instrument that were executed contained provisions that required him to make three monthly payments for principal and interest of $1,976 and then 237 payments of $1,796.

Plaintiff provides no evidence to prove Defendants' alleged fraud other than his own declaration, which contradicts the plain language of the Note that he signed. The Note provides as follows:

> I will pay this loan in accordance with the following payment schedule: 3 monthly consecutive principal and interest payments of $1,766.09 each, beginning January 15, 2007, with interest calculated on the unpaid principal balances at an initial discounted interest rate of 5.340% per annum; and 237 monthly consecutive principal and interest payments of $1,976.00 each, beginning April 15, 2007, with interest calculated on the unpaid principal balances at an interest rate of 6.750% per annum. My final payment will be due on December 15, 2026 and will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note.

Def.'s App. 3. This Note shows that for the first three months, Plaintiff would pay $1,766.09 and that for the remaining 237 months, Plaintiff would pay $1,976 (whereas Plaintiff contends that he signed a Note that said he would pay $1,976 for the first three months and then $1,796 for the remaining 237 months). These numbers are basically the reverse of what Plaintiff alleges he agreed to pay. Plaintiff did not provide the court with any alternative copy of the Note.

Plaintiff has failed to produce evidence of fraud. Notwithstanding what Fassihi asserts in Plaintiff's Original Petition and his declaration, he signed the Note, and the Note contains clear language outlining the interest rates and monthly payments. Moreover, just above the signature line, the Note states:

> PRIOR TO SIGNING THIS NOTE, I, AND EACH OF US, READ AND UNDERSTOOD ALL OF THE PROVISIONS OF THIS NOTE. I, AND EACH OF US, AGREE TO THE TERMS OF THE NOTE. I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE AND THAT ALL BLANKS

> WERE FILLED IN BEFORE I SIGNED . . . DO NOT SIGN THIS
> NOTE IF ANY STATEMENT IN IT, INCLUDING THE ONE
> ABOVE THIS ONE, IS INCORRECT OR UNTRUE.

Def.'s App. 5.  Fassihi does not dispute that he signed the Note.

Further, Plaintiff provides no evidence that Lewis made any false statements with *knowledge* of their falsity or *recklessness* of their truth.  This is a necessary element when proving common law fraud, and Plaintiff has not provided any evidence that would create a genuine dispute of material fact as to this element.

Defendants further argue that the parol evidence rule bars any prior oral representations that were made before the Note was signed.  The parol evidence is summarized as follows: "When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements." *FDIC v. Wallace*, 975 F.2d 227, 229 (5th Cir. 1992) (quotation marks and citation omitted).  An exception to this rule exists when a party seeks to offer parol evidence to show fraud in the inducement to enter into a contract.  *Id*.  The exception, however, is narrower when the contract is a promissory note.  *Id*. (quotation marks and citation omitted).  To present evidence contradicting the express terms of a promissory note, the maker must make a preliminary showing that the payee used some type of trickery, artifice, or device in addition to the showing that the payee represented to the maker he would not be liable on such note.  *Id*. (quotation marks and citation omitted).

> If fraud could be predicated on a party's allegation of any oral
> promise to vary the express terms of the note, then any collateral
> parol agreement might be asserted to contradict, vary or even
> abrogate any written contract.  The result would destroy the parol
> evidence rule altogether resulting in uncertainty and confusion in the
> law of contracts in general and negotiable instruments in particular.

*Id.* at 230 (citation omitted).  Some showing of trickery is required even in cases that are more specifically about the modification of a promissory note.  *Id.*

Plaintiff has provided no evidence that Defendants used any type of trickery, artifice, or device.  Therefore, given that the Note is the key document in this case and that no trickery was involved, the fraud exception does not apply, and the parol evidence rule applies.  The Note serves as a valid integrated agreement with respect to Plaintiff's loan, and any inconsistent prior statements made by Defendants are precluded.

For all of these reasons, there is no genuine dispute of material fact as to Plaintiff's claim of common law fraud.  Accordingly, Defendants are entitled to judgment as a matter of law.

### B.  Texas Deceptive Trade Practices - Consumer Protection Act Claim

Plaintiff contends that Defendants violated the Texas Deceptive Trade Practices - Consumer Protection Act by allegedly making false representations regarding the interest rate and fixed nature of the loan.  The elements of a cause of action under the DTPA are: "(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages."  *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)).  To qualify as a consumer, "a person must have sought or acquired goods or services by purchase or lease" and "the goods and services purchased or leased must form the basis of the complaint."  Tex. Bus. & Com. Code § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981).

Since the lending of money is not a good or service, a borrower whose sole objective is to obtain a loan does not become a consumer under the DTPA.  *See Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75

(Tex. 1980)).  Therefore, since Plaintiff was seeking to obtain a loan, and Plaintiff's objective was not to purchase a home, Plaintiff is not a consumer under the DTPA.  The court determines that no genuine dispute of material fact exists as to Plaintiff's DTPA claim, and Defendants are entitled to judgment as a matter of law on this claim.

### C.      Declaratory Judgment

Plaintiff seeks a Declaratory Judgment that the Note is voidable since he contends that Defendants made false promises, false representations of material fact, and concealed material facts to induce him to enter into a transaction he otherwise would not have entered.  Plaintiff also asserts that he will suffer injury in the future since he contends that he will be paying thousands more in excess interest and may be forced into a foreclosure on his home.

The court previously determined that there was no genuine dispute of material fact as to Plaintiff's claim of common law fraud.  The court determined that Plaintiff's Loan Documents were still active and should not be considered void.   Under Plaintiff's declaratory judgment to void contract claim, he states that he requests that the note be voided for fraud in the inducement.  Given the court's previous determinations regarding the common law fraud claim and the DTPA claim, the court determines that Plaintiff's request for declaratory judgment fails as a matter of law and will be dismissed.

### V.      Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists as to Plaintiff's common law fraud, Texas Deceptive Trade Practices - Consumer Protection Act, and declaratory judgment claims.  Defendants are therefore entitled to judgment as a matter of law on these claims.  Accordingly, the court **grants** Defendants' Motion for Summary Judgment and

**dismisses with prejudice** this action.  Judgment will issue by separate document as required by

Federal Rule of Civil Procedure 58.

      **It is so ordered** this 31st day of March, 2014.


                    Sam A. Lindsay
                  United States District Judge