IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MANSOUR NAZEER FASSIHI**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4414-L** |
| | § | |
| **JP MORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial (Doc. 23), filed April 25, 2014.  After careful consideration of the motion, response, record, and applicable law, the court **denies** Plaintiff's Motion for New Trial (Doc. 23).  For the reasons herein explained, however, the court will *sua sponte* amend its March 31, 2014 memorandum opinion and order and judgment to clarify that John P. Lewis was no longer a party to the case when the court granted Defendant JP Morgan Chase Bank, N.A.'s Motion for Summary Judgment because Plaintiff had nonsuited all claims against Lewis before the case was removed to federal court.[*]  Thus, the court's opinion granting Defendant JP Morgan Chase Bank, N.A.'s Motion for Summary Judgment should not have addressed any claims that Plaintiff may have had against Lewis.

## I.    Standard Applicable to Rule 59(e) Motions

Although Plaintiff's motion is styled as one for a "new trial," the court construes it as a request to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) because summary judgment was granted in favor of Defendant JP Morgan Chase Bank, N.A. ("Defendant")

---

[*] As Lewis was no longer a party when the action was removed, his name should not have been in the caption.

**Memorandum Opinion and Order - Page 1**

as to all of Plaintiff's claims, and there was no trial in this case. A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). The court may not grant a Rule 59(e) unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another

**Memorandum Opinion and Order - Page 2**

way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## II.   Discussion

In support of his motion, Plaintiff acknowledges that he nonsuited his claims against John P. Lewis ("Lewis") before Defendant removed the case to federal court.  He nevertheless contends that removal was improper and the court lacked subject matter jurisdiction because he has discovered evidence that Lewis was an employee of Defendant.  According to Plaintiff, the evidence regarding Lewis's employment existed before judgment was entered in favor of Defendant, but he was unable to discover it despite the exercise of due diligence to discover it until after the entry of judgment. Plaintiff further asserts that "this deprived [his] ability to properly prepare [his] case."  Pl.'s Mot. 1. By "this," Plaintiff is presumably referring to the evidence that Lewis was an employee of Defendant because Plaintiff contends that he did not have an opportunity to pursue discovery from Lewis or depose him regarding alleged misrepresentations and therefore was unable to present evidence in response to Defendant's summary judgment motion.

Defendant opposes Plaintiff's motion, contending as follows:

Fassihi has not presented any evidence establishing that the John Lewis referenced in the affidavits attached to his Motion is the same one who allegedly made misrepresentations to Fassihi regarding the loan at issue as set forth in his Complaint and Reply to the Motion for Summary Judgment. Rather, the evidence presented is without diligence, immaterial, and is not new. Moreover, the information contained in the affidavits attached to the Motion do not negate the fact that the contracts at issue contain clear and unambiguous language regarding the terms of the agreement between the parties and Plaintiff is barred from admitting evidence contradictory to the terms of the express written agreement pursuant to the parol evidence rule.

Def.'s Resp. 3.  The court agrees.

**Memorandum Opinion and Order - Page 3**

Plaintiff has not established a manifest error of fact or law.  The affidavits relied on by Plaintiff do not contain newly discovered evidence, evidence that would change the outcome of the case, or evidence that Plaintiff could not have been presented in opposition to Defendant's summary judgment motion.  Plaintiff's assertion that he was unable to obtain discovery regarding Lewis because he was not identified by Defendant as a person with knowledge is without merit, as Plaintiff knew or believed all along that Lewis was a person with knowledge and named Lewis as a party when he originally filed the case, and his claims against Defendant were based on statements allegedly made by Lewis.  Plaintiff's contention that the case was improperly removed and the court lacked subject matter jurisdiction because of Lewis is likewise without merit, as Plaintiff concedes that he nonsuited Lewis before the case was removed by Defendant based on diversity of citizenship.  As a result, Lewis's citizenship is irrelevant.  For all of these reasons, the court will deny Plaintiff's Motion for New Trial (Doc. 23).  The court nevertheless will issue an amended memorandum opinion and order and judgment to clarify that Lewis was not a party to this case after it was removed and to remove his name from the style of the case and all references to him as a party to the federal case and the motion for summary judgment filed by JP Morgan Chase Bank, N.A.

## III.   Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion for New Trial (Doc. 23).

**It is so ordered** this 27th day of August, 2014.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 4**